IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02336-TPO

f/n/u VICKY,

      Petitioner,

v.

JUAN BALTAZAR, Warden,
Denver Contract Detention Facility,
in his official capacity,

*et al.*,

      Respondents.

---

**MINUTE ORDER**

---

**Entered by Timothy P. O'Hara, United States Magistrate Judge, on July 2, 2026.**

Based on the Tenth Circuit's decision in *Quiroz v. Mullin*, -- F. 4th --, 2026 WL 1876709 (10th Cir. June 30, 2026), the Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is now foreclosed. This Court finds, consistent with *Quiroz*, the Petitioner is detained pursuant to 8 U.S.C § 1226(a) and is entitled to a bond redetermination hearing. The Petition therefore is **granted**.

The Court orders that: 1) Respondents shall conduct such hearing within four business days of this Order, by **July 9, 2026**, and 2) the burden of proof shall be on the government to demonstrate by clear and convincing evidence that continued detention is justified, *see Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at \*\*4-5 (D. Colo. Feb. 24, 2026) (collecting cases). If Petitioner is not provided a bond determination hearing within this time, the Respondents **shall release** Petitioner. *See Quiroz*, 2026 WL 1876709, at \*17 n.13 (remanding to district court to order government to either provide a bond hearing or else release the petitioner). The Parties shall file a status report within five business days of this Order, by **July 10, 2026**, apprising the Court on whether the bond hearing was held, the result of such hearing, and/or whether Petitioner was released because of such hearing or in compliance with this Order. All other claims raised by Petitioner are denied as moot.